# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Munir Sweilem, et al.,** | ) | **CASE NO. 1:05 CV 125** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **U.S. Citizenship and Immigration** | ) | **Memorandum of Opinion and Order** |
| **Services, et al.** | ) | |
| **Defendants.** | ) | |

### Introduction

This matter is before the Court upon defendants' Motion to Dismiss and Motion for Remand or, in the alternative, Motion for Stay of Proceedings (Doc. 12). This matter seeks this Court's intervention on plaintiffs' Applications for Naturalization. For the following reasons, defendants' Motion is granted to the extent that the case is dismissed as to plaintiffs Amishat, Boustani and Sweilem, and remanded to the ISCIS as to plaintiff Issa.

### Facts

Plaintiffs, Munir Sweilem, Magdi Issa, Sfwan Al Amishat and Antoine Kamel Boustani, brought this Petition for Hearing on Naturalization Application against defendants,

1

U.S. Citizenship and Immigration Services (hereafter, USCIS), Edward Aguirre, Jr., Mark Hansen, Tom Ridge, John Ashcroft and Gregory White (collectively hereafter, defendants).

The Petition for Hearing on Naturalization Application, filed on January 24, 2005, alleges that all plaintiffs are lawful permanent residents of the United States and are eligible to become United States citizens. The Petition contains one cause of action asserting that the USCIS has failed to timely adjudicate the plaintiffs' Applications for Naturalization. Plaintiffs request that this Court assume jurisdiction over their case, grant their Applications for Naturalization and administer the Oath of Citizenship to them.

On March 24, 2005, defendants filed the pending Motion to Dismiss and Motion for Remand or, in the alternative, Motion for Stay of Proceedings. The Motion asserts that plaintiffs Amishat and Boustani were naturalized on March 4, 2005; plaintiff Sweilem was served with a Notice to Appear on March 17, 2005 to show why he should not be deported; and an examination was conducted on April 29, 2004 as to plaintiff Issa, and all that remains prior to the Application for Naturalization being granted is that security clearance be completed.

An Amended Petition for Hearing on Naturalization Application, and Complaint for Mandamus and for Declaratory Relief Plaintiffs was subsequently filed asserting three claims for relief. Count One requests that the Court grant all plaintiffs' Applications for Naturalization and administer the Oath of Citizenship to them while acknowledging that plaintiffs Amishat and Boustani have recently been sworn in as United States citizens. Count Two requests that the Court grant Sweilem's and Issa's Applications for Naturalization and administer the Oath of Citizenship to them and/or order that defendants complete Issa's

2

pending name check and act on a pending Motion to Reopen-Reconsider as to Sweilem. Count Three requests an order that the Notice to Appear issued to Sweilem be cancelled or filed with the Immigration Court.

This matter is now before the Court upon defendants' Motion to Dismiss and Motion for Remand or, in the alternative, Motion for Stay of Proceedings.

### Discussion

Defendants argue that as to Amishat and Boustani, the case should be dismissed because there is no further relief for this Court to grant. Further, as to Sweilem, the case should be dismissed because an applicant cannot be naturalized while removal proceedings are pending. Finally, as to Issa, the case should be remanded for further investigation or stayed until completion of the investigation.

For the following reasons, the relief defendants seek is warranted.

**(1) Amishat and Boustani**

While plaintiffs concede that Amishat and Boustani were naturalized on March 4, 2005, plaintiffs assert that dismissal is not appropriate. Rather, plaintiffs assert that this Court should issue an entry recognizing that the claims are satisfied, that defendants should assume the costs of the action and that plaintiffs may file their claim for attorney's fees under the Equal Access to Justice Act (EAJA).

However, the EAJA provides in relevant part:

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that

3

>action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
>(B) *A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses* which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(A) and (B) (emphasis added).  As such, a prevailing party must request its fees and costs within 30 days of a final judgment in this case.

Accordingly, because the relief sought in the Amended Petition on behalf of Amishat and Boustani has been granted, the case is moot as to them and must be dismissed.

**(2) Sweilem**

Plaintiff Sweilem was served with a Notice to Appear (NTA) on March 17, 2005 to show why he should not be deported.  (Doc. 12 Ex. A).  8 U.S.C. § 1429 provides, in part, "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act."  As such, Sweilem cannot be naturalized while the NTA is pending.  Accordingly, dismissal is appropriate because the relief sought cannot be granted.

Plaintiffs assert that dismissal as to Sweilem is inappropriate because the Court should allow an investigation into the issuance of the NTA based upon the following.

4

- The NTA was issued nearly two months after the filing of the case now pending before this Court.  The conviction for attempted drug abuse, upon which it is charged that Sweilem is subject to removal, occurred in 1992- more than 12 years before the NTA was issued. Defendants have known about the conviction since at least 1993 as was set forth in Sweilem's 1999 Application for Naturalization (presently pending).  Sweilem previously applied for naturalization in 1993.  The application was denied based upon the 1992 conviction but Sweilem was informed that he could refile for naturalization after 1998.

- Based on the foregoing, the NTA may not have been legitimately issued but may have been issued so that this Court is prevented from adjudicating the herein Petition for Hearing on Naturalization Application.

- The Immigration Court now has an automated information system, accessed by calling an 800 number, and Sweilem's NTA case number cannot be found in the system.  Plaintiffs conclude that the NTA has not been filed with the Immigration Court and, therefore, removal proceedings are not pending.

- Plaintiffs "believe" that because the 1992 conviction is outside the five year statutory period for good moral conduct, it does not make Sweilem ineligible for citizenship.

Notwithstanding these assertions, dismissal is warranted.   Plaintiffs do not dispute the applicability of 8 U.S.C. § 1429.  Therefore, until the question of deportation is resolved, there is nothing to adjudicate here.  Any factors Sweilem wishes to assert in favor of mitigation against removal may be presented to the immigration judge at the hearing in which Sweilem will have an opportunity to show why he should not be removed from the United States.  The hearing date and time have not been set.  (*See* NTA Doc.12 Ex. A).

Additionally, while plaintiffs assert that their inability to access Sweilem's NTA number in the immigration court's automated information system means that his case does not exist, defendants assert that the USCIS has been contacted and has informed defendants that, due to a backlog, it may be several months before Sweilem's information is inputted into the

system and several months thereafter until Sweilem's hearing is scheduled on the NTA. Regardless, plaintiffs do not support their assertion that a failure to access the NTA in the automated system means that the case does not exist. Defendants have provided a copy of the NTA which authenticity plaintiffs do not dispute. (Doc. 12 Ex. A).

Finally, defendants acknowledge that the USCIS has known of Sweilem's conviction since 1993, that Sweilem's first naturalization application was denied on this basis and that he was told to reapply after 1998. Notwithstanding, defendants correctly point out that the Immigration and Nationality Act was subsequently amended to provide that possession of any controlled substance would be grounds for deportation. 8 U.S.C. § 1227(a)(2)(B)(i).

For these reasons, dismissal as to Sweilem is appropriate.

**(3) Issa**

The Amended Petition alleges that Issa's Application for Naturalization was received by the USCIS on January 30, 2003, and that he was called to appear to be examined for citizenship on April 29, 2004. He was told at that time that his application was approved, subject to completion of a security clearance. Plaintiffs believe that as of April 1, 2005, Issa's Application for Naturalization has been approved subject to completion of a "name check."

Plaintiffs point to 8 U.S.C. § 1447(b) which states

**b) Request for hearing before district court**

If there is a failure to make a determination under section 1446 of this title [relating to investigation and examination of applicants] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

6

Plaintiffs assert that defendants have not provided any reasonable explanation for their failure to timely adjudicate Issa's application. Plaintiffs assert that a stay or remand of Issa's case may prolong his naturalization proceedings indefinitely.

Defendants submit the declaration of Kim Adams, USCIS Assistant District Director for Adjudications, Department of Homeland Security (DHS). Adams declares that as part of its background investigation, USCIS conducts several forms of security checks to ensure that a resident alien is eligible for naturalization and that he or she is not a risk to national security or public safety including: records checks against DHS's own immigration systems, an FBI fingerprint check for relevant criminal history records, a check against the DHS-managed Interagency Border Inspection System (IBIS) and an FBI name check. Despite DHS's efforts to complete Issa's background investigation before scheduling the initial interview, USCIS proceeded with the interview and examination without fully completing the name check portion of the background investigation on the assumption that a naturalization candidate's application would likely be approved, and in the interests of efficiency, it was prudent to conduct the remaining portions of the naturalization process while the name check portion of the background check remained to be completed. While Issa's preliminary IBIS and fingerprint check were completed, on September 10, 2003 the FBI informed USCIS that the name check response on Issa's application was pending. While the DHS has instituted approval procedures for an expedited name check, the name check remains pending. Additionally, the fingerprint check must be less than 15 months old at the time the application for naturalization is adjudicated. An updated "rap sheet" has been received from the FBI on April 1, 2005, and must be reviewed by USCIS prior to adjudication of the application for

naturalization.  Finally, IBIS checks must be completed again within 90 days of adjudication. (Kim Adams decl.).

8 U.S.C. § 1447(b), set forth above, provides that the court may either determine the matter or remand the matter with appropriate instructions to the USCIS to determine the matter.  Here, Issa has had his examination and all that remains is completion of the security clearance which can only be provided by the FBI.  Therefore, in the interest of judicial economy, this Court will remand this matter to the ISCIS to await the final security clearance.

For these reasons, the claim as to Issa is hereby remanded to the ISCIS.

**Conclusion**

For the foregoing reasons, defendants' Motion to Dismiss and Motion for Remand or, in the alternative, Motion for Stay of Proceedings is granted to the extent that the case is dismissed as to plaintiffs Amishat, Boustani and Sweilem, and remanded to the ISCIS as to plaintiff Issa.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
       PATRICIA A. GAUGHAN
       United States District Judge

Dated: 5/10/05